IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. FRANCO

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ANTHONY J. FRANCO, APPELLANT.

Filed October 30, 2018.    No. A-18-654.

Appeal from the District Court for Douglas County: HORACIO J. WHEELOCK, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Mary Rose Donahue for appellant.

Douglas J. Peterson, Attorney General, Erin E. Tangeman, and Maureen Larsen, Senior Certified Law Student, for appellee.

MOORE, Chief Judge, and ARTERBURN and WELCH, Judges.

MOORE, Chief Judge.

### INTRODUCTION

Anthony J. Franco was charged in the district court of Douglas County with robbery. a Class II felony; use of a deadly weapon (firearm) to commit a felony, a Class IC felony; and possession of a defaced firearm, a Class III felony. Franco appeals from the order which denied his motion to transfer the case from district court to juvenile court. We affirm.

### BACKGROUND

The above charges stem from an incident that occurred on March 4, 2018, when Franco, with other individuals, allegedly stole a vehicle by force with a firearm. A hearing was held on Franco's motion to transfer on June 1. Four exhibits were offered by the State and received in evidence: the Omaha Police Department reports of the incident, Sarpy County Juvenile Court

records in case No. JV 17-2168, Douglas County Juvenile Court records in case No. JV 17-1831, and the information filed on April 2 in the district court in the present action.

According to the police records, Brett Case reported that he picked up four individuals in a vehicle owned by his girlfriend at Westroads Mall after "Brodie" contacted him and advised he needed a ride and would pay Case $20. Case indicated that there were two black males--"Brodie" and a person he referred to as "Hundo Benjamin"--and two Hispanic males who Case did not know. "Brodie" was later identified as Tevyon Shields. The Hispanic males were later identified as Adrian Zepeda and Franco. Police created photo lineups of three of the suspects--Shields, Zepeda, and Franco--which were shown to Case. According to Case, Zepeda held a handgun and ordered Case out of the car. Case identified Franco as the second Hispanic male involved in the robbery. Case did not believe that "Brodie" was involved with the robbery. All four suspects left the area in the car.

Officer Turner met with Franco the following day, March 5, 2018. Franco agreed to speak to Turner after waiving his *Miranda* rights. Franco advised that he was in the car during the robbery and had been at the mall to get ammunition for his Ruger 380 handgun. Franco told Turner that he was a runaway and he needed a car and gun for protection. Franco advised that he and Zepeda planned to take the car and Zepeda wanted to use Franco's gun during the robbery. After the robbery, Franco indicated that they fled the area, parked the car, and ran away, leaving his handgun in the car. The stolen car was recovered and the Ruger 380 handgun was located in the vehicle. A loaded magazine was found in the handgun and there were two spent shell casings located inside the vehicle.

In the first juvenile court case, JV 17-2168, filed on May 19, 2017, Franco was charged with robbery, use of a weapon to commit a felony, and conspiracy to commit robbery; all charges arising out of a robbery of a convenience store which occurred on May 18. Franco admitted to the charge of conspiracy to commit robbery, a Class II felony, and the remaining charges were dismissed. On July 28, a disposition order was entered in which Franco was ordered to: reside in his mother's home with electronic monitoring/tracking services, attend school, not violate any laws or municipal ordinances, perform community service, abstain from alcohol or controlled substances, complete a dual diagnosis intensive outpatient chemical dependency treatment program, participate in a Boys Town program, "complete a cognitive behavioral group," and "complete a young men[']s group for Latino leaders." On November 27, 2017, an amended supplemental petition was filed, charging Franco with theft by unlawful taking, more than $500 and less than $1,500, a Class I misdemeanor, arising out of an incident occurring on October 8 in which Franco was driving a stolen vehicle and later crashed the vehicle. Franco admitted to the charge, and the case was transferred to the Douglas County juvenile court for disposition as Franco's mother resided in Douglas County. The juvenile court placed Franco on an open-ended term of probation and ordered Franco to undergo a psychiatric evaluation and a co-occurring evaluation, participate in gang intervention services, complete the Dusk to Dawn program, participate in electronic monitoring, participate in intensive in-home family services, and attend school. On March 6, 2018, a motion to revoke Franco's probation was filed and a detention order was entered the same day, wherein Franco was temporarily detained at the Douglas County Youth Center pending placement at Boys Town Intervention and Assessment. The court ordered probation to submit an application for group home placement.

In the second juvenile court case, JV 17-1831, filed October 12, 2017, Franco was charged with theft by receiving $1,500 to $5,000, a Class IV felony; burglary, a Class IIA felony; leaving the scene of a property damage accident, a Class II misdemeanor; no operator license, a Class III misdemeanor; and collide with a fixed object, a municipal code violation. These charges arise out of an incident on October 11. Franco admitted to an amended charge of theft by receiving $500 to $1,500, a Class I misdemeanor, and the remaining counts were dismissed. Franco was again placed on an open-ended term of probation with the same provisions as the previous case. A motion to revoke this probation was also filed on March 6, 2018, with the same results as discussed above.

Franco presented testimony from Jacob Fare, a specialized juvenile probation officer with the Nebraska Probation Juvenile Division. Fare testified that Franco has been under his supervision since February 13, 2018, when he was placed on probation in Douglas County. Fare noted that Franco had a previous juvenile case in 2014 in which he successfully completed diversion for unlawful occupancy. Fare testified that if the present case were transferred to juvenile court, a detention hearing would be held to determine Franco's placement status and then the motion to revoke probation would need to be addressed. Thereafter, various treatment and services could be explored. Fare discussed the services that Franco had already received in connection with the two pending juvenile court cases, which included a psychological evaluation, a chemical dependency evaluation, a co-occurring evaluation, tracking and electronic monitoring, an "Ecological Boys Town Family Treatment Model," and intensive outpatient substance abuse treatment. Fare indicated that Franco was cooperative during the evaluations.

Franco has not yet been placed in any out-of-home facility. In-state detention was being explored, including the youth rehabilitation and treatment center in Kearney, but this was denied due to Franco's new charges. However, Franco has been accepted into a couple of out-of-state programs, including Canyon State in Arizona, which Fare believed would be beneficial to Franco's rehabilitation and reintegration into society.

Fare believes that the juvenile court can provide Franco with the services necessary for rehabilitation within the 2 years remaining for juvenile court intervention. Although Franco has had access to approximately half of the probation services, he has not received the more intensive services and therapy available in a structured out-of-place setting. Fare indicated that Franco is an identified gang member and would benefit from gang intervention services. Fare testified that Franco is motivated to change and he has a supportive family network. Fare admitted that Franco was not successful under the Sarpy County probation in that intensive outpatient therapy was unsuccessful, Franco was not going to school, and he was defiant. Franco has been in at least two fights with fellow peers since being placed at the Douglas County Youth Center.

In its order denying the motion to transfer, the court noted Fare's testimony about the services available to Franco through the juvenile court, the evidence that the alleged offense involved a loaded firearm which Franco admitted was his, Franco's gang affiliation, his age, and his juvenile adjudications (and lack of adult criminal convictions). Under the best interests of the juvenile factor, the court considered the evidence of Franco's "predilection for firearms, his predilection to commit robberies, his gang affiliation, contact with law enforcement, being on probation from the juvenile court, the level of violence utilized, and all the other factors relating to his lifestyle." The court also indicated that it weighed the remaining treatment options available

for Franco should the case be transferred to juvenile court. Regarding the consideration of public safety factor, the court noted the seriousness of the charges and violence involved. The court concluded that in balancing the best interest of Franco with the security of the public, court supervision is required beyond the remaining period of his minority (2 years and 3 months). The court therefore found that the State has shown a sound basis for retaining jurisdiction in the district court and denied the motion to transfer.

## ASSIGNMENTS OF ERROR

Franco assigns that the district court erred in finding that the State established a sound basis to retain the case in district court, and abused its discretion in denying his motion to transfer to juvenile court.

## STANDARD OF REVIEW

A trial court's denial of a motion to transfer a pending criminal proceeding to the juvenile court is reviewed for an abuse of discretion. *State v. Hunt*, 299 Neb. 573, 909 N.W.2d 363 (2018). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

## ANALYSIS

Franco assigns that the district court erred in finding that the State established a sound basis to retain the case in district court, and abused its discretion in denying his motion to transfer to juvenile court. Franco argues that the court failed to recognize the evidence that many "higher-level" services are still available to Franco through juvenile probation to which Franco would be amenable. Franco points to his "assured placement" at Canyon State, where more intensive services are available. Franco notes the very short period of time he was on probation before the new charges, arguing that there was insufficient time for him to benefit from any of the services. Franco distinguishes his case from others in which the denial of transfer was upheld where the juvenile had either been previously placed in numerous out-of-home placements or had not been accepted to any group home locations, or in which testimony was given that there were no additional services that could be provided through the juvenile court. See, *State v. Hunt, supra*; *State v. Dominguez*, 290 Neb. 477, 860 N.W.2d 732 (2015).

Motions to transfer a pending criminal case to juvenile court are governed by Neb. Rev. Stat. §§ 29-1816(3) and 43-276(1) (Reissue 2016). When a defendant has moved to transfer his or her case to juvenile court, the district court is required to conduct a hearing and consider the following factors set forth in § 43-276(1), which include:

(a) [t]he type of treatment such juvenile would most likely be amenable to; (b) whether there is evidence that the alleged offense included violence; (c) the motivation for the commission of the offense; (d) the age of the juvenile and the ages and circumstances of any others involved in the offense; (e) the previous history of the juvenile, including whether he or she had been convicted of any previous offenses or adjudicated in juvenile court; (f) the best interests of the juvenile; (g) consideration of public safety; (h) consideration of the juvenile's ability to appreciate the nature and seriousness of his or her conduct; (i) whether the best interests of the juvenile and the security of the public may

require that the juvenile continue in secure detention or under supervision for a period extending beyond his or her minority and, if so, the available alternatives best suited to this purpose; (j) whether the victim agrees to participate in mediation; (k) whether there is a juvenile pretrial diversion program established pursuant to sections 43-260.02 to 43-260.07; (l) whether the juvenile has been convicted of or has acknowledged unauthorized use or possession of a firearm; (m) whether a juvenile court order has been issued for the juvenile pursuant to section 43-2,106.03; (n) whether the juvenile is a criminal street gang member; and (o) such other matters as the parties deem relevant to aid in the decision.

The customary rules of evidence shall not be followed at such hearing, and "[a]fter considering all the evidence and reasons presented by both parties, the case shall be transferred to juvenile court unless a sound basis exists for retaining the case in county court or district court." § 29-1816(3)(a).The court is required to "set forth findings for the reason for its decision" on the motion to transfer. § 29-1816(3)(b).

As the Nebraska Supreme Court has explained, in conducting a hearing on a motion to transfer a pending criminal case to juvenile court, the court should employ "a balancing test by which public protection and societal security are weighed against the practical and nonproblematical rehabilitation of the juvenile." *State v. Stevens*, 290 Neb. 460, 465, 860 N.W.2d 717, 725 (2015). In order to retain the proceedings, the court need not resolve every factor against the juvenile, and there are no weighted factors and no prescribed method by which more or less weight is assigned to a specific factor. *Id.* The burden of proving a sound basis for retention lies with the State. *Id.*

Summarized, the evidence at the transfer hearing showed that Franco had recently been adjudicated in two separate juvenile court cases for two theft-related incidents occurring in May and October, 2017. He was placed on probation in both cases and although some services had been provided to him, he was unsuccessful in several areas, including school attendance and outpatient treatment. While Franco was cooperative in the various evaluations he had, he was also defiant, according to Fare. Franco's alleged participation in the robbery in this case would be a violation of his probation in the pending juvenile court cases. This robbery occurred less than 1 month after being placed on probation in the second juvenile court case. Franco was ordered to reside with his mother, however, at the time of this robbery there is an indication that he had run away. Because of the new charges, Franco is not eligible for in-state out-of-home placement, although he had been accepted for placement out-of-state. At the time of the transfer hearing, Franco was 16 years 7 months old; slightly more than 2 years remained for the juvenile court's jurisdiction over him. The crimes that Franco is charged with involve the use of a loaded gun during the commission of a robbery, which crimes are serious in nature.

Upon our review, we conclude that the district court did not abuse its discretion in finding that a sound basis existed for retention of the case in district court. In its order denying Franco's motion, the district court thoroughly considered and discussed each of the applicable factors listed in § 43-276 and made specific findings. When a district court's basis for retaining jurisdiction over a juvenile is supported by appropriate evidence, it cannot be said that the court abused its discretion in refusing to transfer the case. *State v. Hunt, supra*. The record supports the district court's

conclusion in this case, and we find no abuse of discretion in denying Franco's motion to transfer the case to juvenile court.

## CONCLUSION

The order of the district court denying Franco's motion to transfer the case to district court is affirmed.

AFFIRMED.